82, 19 L. Ed. 42; Bank v. Milliman, 31 Misc. Rep. 87, 65 N. Y. Supp. 242), the ruling of the trial justice was correct.

Judgment affirmed, with costs.

FITZSIMONS, C. J., concurs.

---

## GOODWIN v. WASHBURN et al.

(City Court of New York, General Term. October 29, 1900.)

APPEAL—VERDICT—REVIEW.

Where the defense to an action was that the defendant was not individually liable for the claim sued on, but that it was against the executors of a deceased person, and no exceptions were taken to the instructions, a verdict adverse to the defendant will not be reviewed on appeal where not in disregard of the evidence.

Appeal from trial term.

Action by George S. Goodwin against William T. Washburn and another. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN and HAS-CALL, JJ.

Mayo W. Hazeltine, for appellants.

Holland, Trenholm & Whealton, for respondent.

CONLAN, J. The action is for labor and services and for materials furnished. It is admitted that the work was done and the materials furnished, but the distinct defense is that the liability was not one for the defendants individually, but was against the executors of one Benjamin Richardson, deceased. This issue was distinctly presented to the jury upon all the evidence, and no exception was taken by the defendants to the whole or any part of the charge. With the province of the jury in determining disputed questions of fact the court on appeal is not inclined to interfere, unless it distinctly appears that the result was reached through prejudice or undue influence or willful disregard of the evidence adduced on the trial; and, as no such element appears by the record, we think the judgment appealed from should be affirmed, with costs.

Judgment affirmed, with costs. All concur.

---

## JACOBSON v. METROPOLITAN ST. RY. CO.

(City Court of New York, General Term. October 29, 1900.)

APPEAL AND ERROR—INSTRUCTIONS—NEGLIGENCE.

Where instructions in an action for injuries for negligence preclude a recovery by the plaintiff except on a preponderance of the evidence, and it does not appear from the record that plaintiff was guilty of contributory negligence, or that defendant was free from negligence, a judgment for plaintiff will not be set aside.

Appeal from special term.

Action by Morris Jacobson against the Metropolitan Street-Railway Company. From a judgment in favor of the plaintiff, and from an order denying a motion for a new trial, the defendant appeals. Affirmed.

Argued before CONLAN and HASCALL, JJ.

Henry A. Robinson, for appellant.

Max D. Steuer, for respondent.

CONLAN, J. The action is to recover for an injury alleged to have occurred to the plaintiff's horse and wagon by reason of the negligence of the defendant. It is conceded that the damages are not excessive if the recovery can be sustained. We are asked by the defendant to reverse this judgment on the usual grounds of contributory negligence of the plaintiff's servants and of the freedom from negligence of the defendant, but the record fails to convince us that either of these elements appears, and the submission of the whole case to the jury was given under a charge which was eminently fair to both sides. Indeed, the jury were so positively instructed by the court upon the question of interest of two of the witnesses called by the plaintiff, and who had each an action pending against the defendant for personal injuries growing out of this very accident, that preponderance of evidence in the plaintiff's favor was the only reason for the result attained. There was no exception to the charge, and we are unable to find in the whole case any element or circumstance which calls for an interference with the judgment and order appealed from.

Judgment and order affirmed, with costs.

HASCALL, J., concurs.